# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CLAUDE LOWERY,**
        **Plaintiff,**

     v.                                                    Case No. 08C1018

**THOMAS RUBENZER,**
        **Defendant.**

---

## DECISION AND ORDER

Plaintiff Claude Lowery filed this action pursuant to 42 U.S.C. § 1983 against defendant Thomas Rubenzer, alleging that defendant unlawfully deprived plaintiff of work opportunities in violation of plaintiff's rights under the Equal Protection Clause. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has each requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, because plaintiff appears to be civilly committed pursuant to Chapter 980 of the Wisconsin statutes, the heightened requirements of the Prison Litigation Reform Act do not apply. See West v. Macht, 986 F.Supp. 1141, (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission

of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavits of indigence. Upon review of that affidavit, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff is confined in a state institution, without income or assets. Additionally, plaintiff has stated the nature of this § 1983 action and asserted his belief that he is entitled to redress.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS ADDITIONALLY ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. §§ 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiffs, however, should provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action.

2

Dated at Milwaukee, Wisconsin this 14 day of January, 2009.

/s
LYNN ADELMAN
District Judge